No. 480

RUBIN et v. DUICH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7475. Decided May 30, 1927

1265. **WEIGHT OF EVIDENCE—1.** In determining the manifest weight of evidence, the court must consider general human experience as well as the general run of human action.

2. Where loan of $5800 is made to defendant although previous indebtedness of $800 is unpaid, and there is no blood relationship existing between the parties, merely that of casual friends, the version of plaintiff that his faith remained unchanged by failure of defendant to meet previous obligation, to the extent of making the loan of $5800 upon a mortgage note signed by a cross, is opposed to human nature and experience and is inherently improbable in view of all the circumstances.

**First Publication of this Opinion**

PER CURIAM.

George Duich recovered a judgment of $6160 against Pearl and Ezra Rubin in the Cuyahoga Common Pleas. As evidence of indebtedness of the largest item included in said judgment, Duich presented what purported to be a mortgage note (not secured by mortgage) signed by Ezra Rubin but not by Pearl Rubin, his wife.

It appears that Ezra Rubin did not sign his name and in place of his signature there is a cross purported to have been made by him. The statement of Duich that he made a loan of $5800 in currency, in the manner that he did, was sharply contradicted by the Rubins. Error was prosecuted from the judgment in the lower court and the Court of Appeals held:

1. An examination of the record shows that there was no blood relationship between the parties. At most, they were acquaintances in what may be called terms of casual friendship.

2. At the time of the purported loan of $g800 to Rubins, there was due from them to Duich approximately $800, which he advanced during the year preceeding the loan of $5800, said sum remainded unpaid.

3. In determining the manifest weight of the evidence the court must consider general human experience as well as the general run of human action. "Uncontradicted evidence is not necessarily binding on the court or jury but may be disbelieved if contrary to natural or physical laws, opposed to human knowledge, inherently improbable - - - or where in the nature of things, it is impossible to secure opposing testimony." 23 Corpus Juris, 47.

4. According to his statement, Duich's confidence remained unbroken and unchanged by the failure of the Rubins to meet their previous obligations. Were Duich's statement to be believed, we would be led to the highly improbable conclusion that his experience with the Rubins who failed to meet previous obligations for money advanced to them, not only failed to relax his faith and confidence, but even added a stimulant thereto, by inducing him to advance $5800 without security upon a mere mortgage note signed by a cross of one of the plaintiffs in error.

5. The version of defendant in error is opposed to human experience and is inherently improbable in view of all the circumstances.

Judgment therefore reversed as manifestly against the weight of the evidence.

(Sullivan, PJ., Vickery & Levine, JJ., concur.)

**Attorneys**—Lieghley, Halle, Haber & Berick for Rubin; Garrett Stevens for Duich; all of Cleveland.